**In the Matter of William R. MacLEAN.**

**No. 2001–216 M.P.**

Supreme Court of Rhode Island.

June 29, 2001.

---

David Curtin, pro se, For Plaintiff.

Present WILLIAMS, C.J.,
LEDERBERG, BOURCIER,
FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This disciplinary case came before the Court pursuant to a recommendation of the Supreme Court Disciplinary Board (board) that the respondent, William R. MacLean (respondent), be disciplined. Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure provides in pertinent part:

"If the Board determines that a proceeding * * * should be concluded by public censure, suspension or disbar-

ment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order."

This matter came before the Court at its conference on May 23, 2001. The respondent had been ordered to appear to show cause, if any, why the disciplinary sanction recommended by the board should not be imposed. Having heard the recommendations of respondent and of Disciplinary Counsel (counsel), and having reviewed the record, we deem it appropriate that a disciplinary sanction be imposed. However, for the reasons set forth below we decline the recommendation of a public censure and instead suspend respondent from the practice of law until further order of this Court.

The relevant facts of this matter, as found by the board, are as follows. In February 1998, Gilbert C. Brunhoeffer III (Brunhoeffer), acting on behalf of Poste Restaurante, Inc., retained respondent to file suit against a former tenant for damages caused to a rental property. The respondent was directed by Brunhoeffer to file the claim immediately. The respondent did not promptly file the claim, and failed to respond to repeated requests from Brunhoeffer regarding the status of the case.

The respondent eventually did file suit in the District Court, and the case was assigned a trial date of June 15, 1998. Brunhoeffer was advised of the scheduled trial date, and made arrangements to travel from Ohio to Rhode Island to be present for the hearing. The trial date was subsequently changed to June 29, 1998, at the request of respondent. However, respondent did not notify Brunhoeffer of the changed trial date, resulting in Brunhoef-

fer's making an unnecessary trip to Rhode Island.

The matter was heard in the District Court on June 29, 1998, and a judgment was rendered against the former tenant in the amount of $1,088.09. Anxious to collect, Brunhoeffer directed that respondent immediately record a copy of that judgment as a lien against real estate owned by the former tenant. However, respondent proceeded at a more leisurely pace. He did not record the judgment until August 4, 1998, and failed to respond to a number of requests from Brunhoeffer for speedier action.

After recording the judgment, respondent did not seek to levy on an execution issued by the District Court, nor did he take any affirmative steps to collect the amount owed by defendant. However, in January 1999, the tenant paid to respondent the amount of the judgment. The respondent deposited those funds into a business account, where they were commingled with his own funds. In February 1999, he notified Brunhoeffer that the judgment had been paid.

It can be assumed that Brunhoeffer was pleased to learn that the funds had been received by respondent. However, when respondent failed to forward those funds, Brunhoeffer became justifiably dissatisfied with respondent's representation. On July 6, 1999, he filed a complaint with the disciplinary counsel regarding respondent's conduct in his handling of this claim. Subsequent to respondent's receipt of that complaint, and obviously in response thereto, he forwarded payment to Brunhoeffer in the amount of $1,060.

Counsel proceeded with an investigation into respondent's conduct in this matter.

During the course of that investigation, respondent represented to counsel that the Brunhoeffer funds had been deposited into a client's account. However, respondent failed to forward the requested documentation verifying this, and it was subsequently determined that he had, in fact, deposited those funds into his business account.

Formal charges were initiated against respondent, and the factual allegations were not disputed.[1] At the disciplinary hearing on the matter, respondent testified in mitigation that he had recently been diagnosed as suffering from depression and a panic disorder that resulted in his inability to focus on the practice of law, to prioritize his activities, and to even open his mail. He reported that he had recently commenced treatment that he hoped would relieve some of his symptoms and restore his ability to function as an attorney.

The board continued the disciplinary proceedings in order to monitor respondent and evaluate his ability to engage in the practice of law. The respondent stipulated to a consent order which required him to provide periodic medical reports to counsel, to maintain contact with counsel, and to promptly attend to his office mail and telephone calls. When it appeared that respondent was making progress, the case was further continued. For a period of time, respondent complied with his medical treatment, and had submitted, and was following, a detailed office and procedure plan. Unfortunately, respondent was not able to follow through with his obligations under the consent order. At a subsequent hearing, it was determined that he was not

---

1. The respondent did not file an answer to the formal charges. Rule 3.18(d) of the Rules of Procedure of the Disciplinary Board provides: "In the event that the respondent-attorney fails to file an answer, the charges shall be deemed ADMITTED." The respondent appeared for the scheduled hearing before the board, and acknowledged the facts were true.

complying with the proper office procedures or maintaining appropriate contact with his health care provider. The board provided respondent the opportunity to forward additional medical records to assist the board in evaluating his medical condition. This he failed to do.

 Accordingly, the board closed the disciplinary proceedings. After evaluating the undisputed facts, the board concluded that respondent had violated Article V, Rules 1.3,[2] 1.4(b),[3] 1.15(a)(b) and (c),[4] and 8.1(b)[5] of the Supreme Court Rules of Professional Conduct. The board concluded that the appropriate level of discipline to impose was a public censure, and forwarded that recommendation to this Court.

Based upon the record before the board at the time its recommendation was made, we would agree this disposition would be appropriate. However, at conference it was reported to us that respondent continues to be unresponsive to the board. Four additional petitions for disciplinary action, all unanswered, have been filed and are pending against respondent at this time. It is apparent that respondent fails to appreciate the gravity of these proceedings, and is either unable or unwilling to address his personal difficulties which continue to adversely affect his clients.

 "The purpose[s] of professional discipline [are] to protect the public and to maintain the integrity of the profession." *In the Matter of Ricci,* 735 A.2d 203, 208 (R.I.1999). In the instant case, we believe the public can best be protected by the suspension of the respondent until he can prove to the satisfaction of this Court that he is capable of resuming the practice of law and attending to his duties in representing his clients.

Accordingly, the respondent, William R. MacLean, is hereby suspended from the practice of law until further order of this Court.

---

2. Article V, Rule 1.3 of the Supreme Court Rules of Professional Conduct, entitled "Diligence," provides "A lawyer shall act with reasonable diligence and promptness in representing a client."

3. Rule 1.4(b) provides, "A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information"

4. Rule 1.15(a), (b) and (c) require a lawyer to hold a client's funds in an account separate from the lawyer's own funds, to promptly deliver to a client funds which the client is entitled to receive, and to maintain funds in a separate account until there is an accounting and severance of the interests of those persons claiming the funds.

5. Rule 8.1(b) makes it a separate disciplinary offense for a lawyer to knowingly fail to respond to a demand for information from a disciplinary authority in a disciplinary matter.